## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-349(2) (DWF/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Mark S. Sutton, | |
| Defendant. | |

Robert M. Lewis, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Mark S. Sutton, *Pro Se*, Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Mark S. Sutton's ("Defendant") Motion for Stay of Confinement (Doc. No. 193). The United States of America (the "Government") opposes Defendant's motion. (Doc. No. 195.) For the reasons set forth below, the Court denies Defendant's motion.

## BACKGROUND

On November 17, 2009, a grand jury in the District of Minnesota returned an Indictment against Defendant charging him with the following counts: (1) Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349; (2) Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h); and (3) Conspiracy to

Defraud the United States, in violation of 18 U.S.C. § 371.  (Doc. No. 1.)  On October 20, 2010, a jury found Defendant guilty of all three counts.  (Doc. No. 124.)  On June 9, 2011, this Court sentenced Defendant to a total prison term of 42 months, to be followed by a three-year period of supervised release; the Court entered its sentencing judgment on June 15, 2011.  (Doc. Nos. 172 & 174.)  Defendant did not appeal his conviction to the Eighth Circuit.  On April 12, 2013, the Court entered an Amended Judgment that reduced its restitution order; Defendant's term of imprisonment, however, remained unchanged.  (Doc. No. 187.)

On November 7, 2013, the Clerk of Court received and filed Defendant's *pro se* motion for a stay of confinement.  (Doc. No. 193.)  Thereafter, counsel for the Government submitted an opposition brief.  (Doc. No. 195.)

In his motion, Defendant seeks his "immediate release" from the custody of the Bureau of Prisons.  (*See* Doc. No. 193 at 2.)  To the extent Defendant may challenge his sentence or custodial status, the Court construes the motion as a motion to vacate, set aside, or correct Defendant's sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

### I.     Defendant's Motion

Even assuming that Defendant filed his motion within the statutory one-year period, Defendant has failed to raise a viable § 2255 claim.  *See* 28 U.S.C. § 2255(f)(1) (requiring a prisoner to seek relief from a sentence imposed by a federal court within one year after the court's judgment of conviction "becomes final").  While Defendant's claims are for the most part incognizable, it appears that Defendant generally challenges

the imposition of his sentence.  (*See* Doc. No. 193.)  Specifically, when taken together with his earlier filings, Defendant seems to dispute the legitimacy of the criminal proceedings against him and seeks to "discharge" his "criminal and civil obligations." (*See generally* Doc. Nos. 190-93.)  While Defendant requests his "immediate release," he provides no valid, legal basis for such relief; nor does Defendant raise any plausible constitutional or other legal challenges to his underlying criminal conviction or sentence. (*See* Doc. No. 193 at 2.)  Therefore, the Court denies Defendant's motion insofar as it may be construed as a request for relief under § 2255.  *See* 28 U.S.C. § 2255(a) (permitting a defendant to move the sentencing court to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

## II.     Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims.  A § 2255 motion can be dismissed without a hearing if:  (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Defendant's allegations and the record before the Court, the

Court concludes that no evidentiary hearing is required in this case. Defendant's claims are facially inadequate.

### III.   Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*)). Defendant has therefore not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Stay of Confinement (Doc. No. [193]) is **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 24, 2014                              s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge